Kenneth A. Schulman (KS-0961)
Michael G. Goldberg (MG-2135)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806
kschulman@pryorcashman.com
mgoldberg@pryorcashman.com
*Attorneys for Plaintiff OMG Accessories LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMG ACCESSORIES LLC,

Plaintiff,

-against-

ASOS.COM LTD; A.I.J.J. ENTERPRISES INC.; CHOICEHANDBAGS.COM, INC.; H&D WHOLESALE.COM; and TRIPLE ACCESSORIES INC.

Defendants.

No. _______-cv- ( __)

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, OMG Accessories LLC ("OMG"), by its attorneys, Pryor Cashman LLP, as and for its Complaint herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* Jurisdiction in this Court over these claims is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) in that a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

**THE PARTIES**

3. Plaintiff OMG is a New York corporation with its principal place of business at 10 W. 33rd Street, Suite 408, New York, New York 10001. OMG is engaged in the business of designing, marketing, manufacturing and selling consumer products including, but not limited to, handbags and accessories.

4. OMG has created an identity in the market for products bearing original and unique, custom designed prints created, at great expense to OMG, by its own internal design team. OMG is widely regarded as a chic lifestyle brand for fashion-forward kids, teens and other demographic markets.

5. OMG's products are manufactured in numerous countries and sold throughout the United States and internationally including to over 100 national retailers and specialty stores.

6. Defendant ASOS.COM LTD. ("ASOS") is, upon information and belief, a corporation with a principal place of business at Greater London House, 2nd Floor, Hampstead Road, London NW1 7FB, and is engaged as an online retailer manufacturing and selling consumer products including, but not limited to, handbags. ASOS regularly transacts business within New York, and upon information and belief has offered for sale and sold products within this judicial district which infringe OMG's copyright interests and exclusive proprietary rights as set forth hereinafter.

7. Defendant A.I.J.J. Enterprises Inc. does business under the names Rainbow Shops and 5-7-9 (collectively "Rainbow") and is, upon information and belief, a New York corporation with a principal place of business at 1000 Pennsylvania Avenue, Brooklyn, New York 11207. Rainbow is engaged in business as a brick and mortar and online retailer of consumer products including, but not limited to, handbags. Rainbow has offered for sale and sold products within this judicial district which infringe OMG's copyright interests and exclusive proprietary rights as set forth hereinafter.

8. Defendant Choicehandbags.com, Inc. ("Choice") is, upon information and belief, a California corporation with a principal place of business at 1237 ½ South Los Angeles Street, Los Angeles, California 90015 and is engaged in business as an online wholesaler selling consumer products including, but not limited to, handbags. Upon information and belief, Choice has offered for sale and sold products within this judicial district which infringe OMG's copyright interests and exclusive proprietary rights as set forth hereinafter.

9. Defendant H&Dwholesale.com ("H&D") is, upon information and belief, a California corporation with a principal place of business at 1111 Stanford Avenue, Los Angeles, California 90021 and is engaged in business as an online wholesaler selling consumer products including, but not limited to, handbags. Upon information and belief, H&D has offered for sale and sold products within this judicial district which infringe OMG's copyright interests and exclusive proprietary rights as set forth hereinafter.

10. Defendant Triple Accessories Inc. ("Triple"), doing business under the name "Under One Sky", is, upon information and belief, a California corporation with a principal place of business at 659 South Broadway Street, 7th Floor, Los Angeles, California 90014 and is engaged in business as an online retailer selling consumer products including, but not limited to, handbags. Upon information and belief, Triple has offered for sale and sold products within this judicial district which infringe OMG's copyright interests and exclusive proprietary rights as set forth hereinafter.

## BACKGROUND

### The Louie Design

11. OMG independently created and is the copyright proprietor in the copyrighted design entitled "Louie" (hereinafter the "Louie Design").

12. The Louie Design contains original material that is copyrightable subject matter pursuant to U.S. copyright law, and was published by OMG on or about November 3, 2017.

13. With respect to the Louie Design, OMG has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*. The Louie Design was duly registered for copyright protection in the United States Copyright Office under Registration Number VA 2-128-584 issued on December 3, 2017 (the "Louie Copyright Registration"). The Louie Copyright Registration is presently valid and subsisting, and OMG is the sole owner and proprietor of all right, title and interest in and to Louie Copyright Registration.

14. The Louie Copyright Registration and the Louie Design are collectively annexed hereto as Exhibit "A."

**The Unicorn Icon Look Design**

15. OMG independently created and is the copyright proprietor in the copyrighted design entitled "Unicorn Icon Look" (hereinafter the "Unicorn Icon Design").

16. The Unicorn Icon Design contains original material that is copyrightable subject matter pursuant to U.S. copyright law, and the Unicorn Icon Design was subsequently published by OMG on or about September 8, 2017.

17. With respect to the Unicorn Icon Design, OMG has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*. The Unicorn Icon Design was duly registered for copyright protection in the United States Copyright Office under Registration Number VA 2-127-941 issued on June 6, 2018 (the "Unicorn Icon Copyright Registration"). The Unicorn Icon Copyright Registration is presently valid and subsisting, and OMG is the sole owner and proprietor of all right, title and interest in and to the Unicorn Icon Design.

18. The Unicorn Icon Design Copyright Registration and the Unicorn Icon Design are collectively annexed hereto as Exhibit "B."

**The Unicorn Pattern Design**

19, OMG independently created and is the copyright proprietor in the copyrighted design entitled "Unicorn Pattern" (hereinafter the "Unicorn Pattern Design").

20. The Unicorn Pattern Design contains original material that is copyrightable subject matter pursuant to U.S. copyright law, and the Unicorn Pattern Design was

published by OMG on or about September 15, 2017.

21. With respect to the Unicorn Pattern Design, OMG has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*. The Unicorn Pattern Design was duly registered for copyright protection in the United States Copyright Office under Registration Number VA 2-130-100 issued on June 5, 2018 (the "Unicorn Pattern Copyright Registration"). The Unicorn Pattern Copyright Registration is presently valid and subsisting, and OMG is the sole owner and proprietor of all right, title and interest in and to the Unicorn Pattern Design.

22. The Unicorn Pattern Copyright Registration and the Unicorn Pattern Design are collectively annexed hereto as Exhibit "C."

**AS AND FOR A FIRST**
**CLAIM AGAINST RAINBOW**
**(Copyright Infringement – "Louie Design")**

23. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "22" of the Complaint set forth above as if more fully set forth herein.

24. Commencing at some unknown date and continuing up to the present time, Rainbow infringed OMG's copyright interests in the Louie Design by copying, reproducing, offering for sale and selling handbags bearing a design copied or reproduced from the Louie Design. A photocopy of the product sold by Rainbow is annexed as Exhibit "D."

25. Upon information and belief, Rainbow had access to the Louie Design through access to OMG's website, social media, showroom, samples and/or strike-offs, overseas manufacturers /printers/suppliers used by OMG or through illegally distributed copies of the Design.

26. Rainbow has proceeded without the permission, license or consent of OMG.

27. Rainbow's actions constitute infringement of the Louis Design in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

28. Rainbow has realized gains, profits and advantages as a direct result of its infringement of OMG's Copyright in the Louie Design.

29. In addition, upon information and belief, Rainbow was aware of the Louie Design, and has willfully infringed upon the Louie Design and profited thereby.

30. OMG has also suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of Rainbow, and is without adequate remedy at law.

31. The exact amount of damages suffered by OMG resulting from the infringement of its copyright interest in the Louie Design by Rainbow is not presently ascertainable, and the profits which Rainbow has realized by reason of said infringement are not presently known to OMG. Thus, in accordance with 17 U.S.C. § 504, OMG will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

32. OMG further demands an accounting by Rainbow of its activities in connection with its infringement of the Louie Design and its gross income and profits derived therefrom.

**AS AND FOR A SECOND**
**CLAIM AGAINST RAINBOW, CHOICE AND H&D**
**(Copyright Infringement – "Unicorn Pattern Design")**

33. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "32" of the Amended Complaint set forth above as if more fully set forth herein.

34. Commencing at some unknown date and continuing up to the present time, Defendants Rainbow, Choice and H&D (the "Unicorn Pattern Infringers") infringed OMG's copyright interests in the Unicorn Pattern Design by copying, reproducing, offering for sale and selling handbags bearing a design copied or reproduced from the Unicorn Pattern Design. Photocopies of the products sold by the Unicorn Pattern Infringers are annexed as Exhibit "E."

35. Upon information and belief, the Unicorn Pattern Infringers had access to the Unicorn Pattern Design through access to OMG's website, social media, showroom, samples and/or strike-offs, overseas manufacturers /printers/suppliers used by OMG or through illegally distributed copies of the Design.

36. The Unicorn Pattern Infringers have proceeded without the permission, license or consent of OMG.

37. The Unicorn Pattern Infringers' actions constitute infringement of the Unicorn Pattern Design in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

38. The Unicorn Pattern Infringers have realized gains, profits and advantages as a direct result of their infringement of OMG's Copyright in the Unicorn Pattern Design.

39. In addition, upon information and belief, the Unicorn Pattern Infringers were aware of the Unicorn Pattern Design, and have willfully infringed upon the Unicorn Pattern Design and profited thereby.

40. OMG has also suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of Unicorn Pattern Infringers, and is without adequate remedy at law.

41. The exact amount of damages suffered by OMG resulting from the infringement of its copyright interest in the Unicorn Pattern Design by the Unicorn Pattern Infringers is not presently ascertainable, and the profits which the Unicorn Pattern Infringers have realized by reason of said infringement are not presently known to OMG. Thus, in accordance with 17 U.S.C. § 504, OMG will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages provided by the Copyright Act.

42. OMG further demands an accounting by the Unicorn Pattern Infringers of their activities in connection with their infringement of OMG's copyright interest in the Unicorn Pattern Design and their gross income and profits derived therefrom.

**AS AND FOR A THIRD**
**CLAIM AGAINST ASOS, CHOICE, H&D AND TRIPLE**
**(Copyright Infringement – "Unicorn Icon Look Design")**

43. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "42" of the Amended Complaint set forth above as if more fully set forth herein.

44. Commencing at some unknown date and continuing up to the present time, ASOS, Choice, H&D and Triple (the "Unicorn Icon Infringers") infringed OMG's copyright interests in the Unicorn Icon Design by copying, reproducing, offering for sale and selling handbags bearing a design copied or reproduced from the Unicorn Icon Design. Photocopies of the products sold by the Unicorn Icon Infringers is annexed as Exhibit "F."

45. Upon information and belief, the Unicorn Icon Infringers had access to the Unicorn Icon Design through access to OMG's website, social media, showroom, samples and/or strike-offs, overseas manufacturers /printers/suppliers used by OMG or through illegally distributed copies of the Design.

46. The Unicorn Icon Infringers have proceeded without the permission, license or consent of OMG.

47. The Unicorn Icon Infringers actions constitute infringement of the Unicorn Icon Design in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

48. The Unicorn Icon Infringers have realized gains, profits and advantages as a direct result of their infringement of the Unicorn Icon Design.

49. In addition, upon information and belief, the Unicorn Icon Infringers were aware of the Unicorn Icon Design, and have willfully infringed upon the Unicorn Icon Design and profited thereby.

50. OMG has also suffered and continues to suffer irreparable harm and injury as a result of the aforesaid acts of the Unicorn Icon Infringers, and is without adequate remedy at law.

51. The exact amount of damages suffered by OMG resulting from the infringement of its copyright interest in the Unicorn Icon Design by the Unicorn Icon Infringers is not presently ascertainable, and the profits which the Unicorn Icon Infringers have realized by reason of said infringement are not presently known to OMG. Thus, in accordance with 17 U.S.C. § 504, OMG will advise the Court in due course of this proceeding and before final judgment whether it elects to recover actual damages and profits or the statutory damages

provided by the Copyright Act.

52. OMG further demands an accounting by the Unicorn Icon Infringers of their activities in connection with their infringement of OMG's copyright interest in the Unicorn Icon Design and their gross income and profits derived therefrom.

**WHEREFORE**, plaintiff, OMG Accessories LLC, demands judgment as follows:

(a) On the First Claim:

(i) that Rainbow be adjudged to have infringed OMG's copyright interest in its work known as “Louie”;

(ii) that Rainbow and all officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with them, be permanently enjoined from infringing the Louie Design in any manner and from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any product bearing a design which infringes the Louie Design;

(iii) that Rainbow be required to pay to OMG, at OMG’s election before the entry of final judgment, either (A) such damages that OMG has sustained in consequence of Rainbow’s infringement of said copyright and OMG’s rights therein, as well as all the gains, profits and advantages derived by Rainbow from said acts and infringement, or (B) such statutory damages that the Court shall deem just and proper under the provisions of the Copyright Laws; the costs of this action, including attorneys’ fees;

(iv) that Rainbow be required to recall from all recipients and deliver to

OMG for destruction all products which infringe the Louie Design, together with all screens, plates, samples, line sheets and other materials used in preparing, marketing or selling infringing products in the possession of or under the control of Rainbow or any of their agents, servants, employees, attorneys or other persons in privity, concert or participation with it or them; and

(v) that Rainbow be required to pay to OMG the costs of this action, including attorneys' fees; and

(b) On the Second Claim:

(i) that the Unicorn Pattern Infringers (namely, Rainbow, Choice and H&D) be adjudged to have infringed OMG's copyright interest in its work known as "Unicorn Pattern";

(ii) that the Unicorn Pattern Infringers and all their respective officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with any of them, be permanently enjoined from infringing the Unicorn Pattern Design in any manner and from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any products imprinted with a design which infringes the Unicorn Pattern Design;

(iii) that the Unicorn Pattern Infringers be required to pay to OMG damages in such amount as determined at the trial of this action;

(iv) that the Unicorn Pattern Infringers be required to recall from all recipients and deliver to OMG for destruction all products which infringe the Unicorn Pattern Design, together with all screens, plates, samples, line sheets and other materials used in preparing, marketing or selling infringing fabric, garments or products in the possession or under

the control of the Unicorn Pattern Infringers or any of their respective agents, servants, employees, attorneys or other persons in privity, concert or participation with any of them; and

(v) that the Unicorn Pattern Infringers be required to pay to OMG, at OMG's election before the entry of final judgment, either (A) such damages that OMG has sustained in consequence of the Unicorn Pattern Infringers infringement of said copyright and OMG's rights therein, as well as all the gains, profits and advantages derived by the Unicorn Pattern Infringers from said acts and infringement, or (B) such statutory damages that the Court shall deem just and proper under the provisions of the Copyright Laws; the costs of this action, including attorneys' fees; and

(c) <u>On the Third Claim</u>:

(i) that the Unicorn Icon Infringers (namely, ASOS, Choice, H&D and Triple) be adjudged to have infringed OMG's copyright interest in its work known as "Unicorn Icon Look";

(ii) that the Unicorn Icon Infringers and all their respective officers, agents, servants, employees, customers, sales representatives, attorneys, and any and all persons in active concert or participation with any of them, be permanently enjoined from infringing the Unicorn Icon Design in any manner and from manufacturing, promoting, importing, selling, marketing or otherwise disposing of any products imprinted with a design which infringes the Unicorn Icon Design;

(iii) that the Unicorn Icon Infringers be required to pay to OMG, at OMG's election before the entry of final judgment, either (A) such damages that OMG has sustained in consequence of the Unicorn Icon Infringers infringement of said copyright and

OMG's rights therein, as well as all the gains, profits and advantages derived by the Unicorn Icon Infringers from said acts and infringement, or (B) such statutory damages that the Court shall deem just and proper under the provisions of the Copyright Laws; the costs of this action, including attorneys' fees;

(iv) that the Unicorn Icon Infringers be required to recall from all recipients and deliver to OMG for destruction all products which infringe the Unicorn Pattern Design, together with all screens, plates, samples, line sheets and other materials used in preparing, marketing or selling infringing fabric, garments or products in the possession or under the control of the Unicorn Pattern Infringers or any of their respective agents, servants, employees, attorneys or other persons in privity, concert or participation with any of them; and

(v) that the Unicorn Icon Infringers be required to pay to OMG the costs of this action, including attorneys' fees; and

(d) Together with such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
January 23, 2018

PRYOR CASHMAN LLP

By: ______________________
Kenneth A. Schulman
Michael G. Goldberg
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806

*Attorneys for Plaintiff OMG Accessories LLC*